IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cynthia Barfield Scott, ) | C/A No. 0:13-1788-TLW-PJG |
|             Plaintiff, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| Carolyn W. Colvin, Acting Commissioner ) of Social Security, ) | |
|            Defendant. ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC. The plaintiff, Cynthia Barfield-Scott, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claims for Disability Insurance Benefits ("DIB"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be reversed and the case remanded.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A) and (d)(5), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); see also

Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973).  The regulations require the ALJ to consider, in sequence:

(1)  whether the claimant is engaged in substantial gainful activity;

(2)  whether the claimant has a "severe" impairment;

(3)  whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4)  whether the claimant can perform her past relevant work; and

(5)  whether the claimant's impairments prevent her from doing any other kind of work.

20 C.F.R. § 404.1520(a)(4).[1]  If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step.  Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments.  Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner.  To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy.  42 U.S.C. § 423(d)(2)(A); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980).  The Commissioner may carry this burden by obtaining testimony from a vocational expert.  Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

---

[1] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances.  20 C.F.R. § 404.1520(h).



**ADMINISTRATIVE PROCEEDINGS**

In December 2010, Barfield-Scott applied for DIB, alleging disability beginning February 1, 2009. Barfield-Scott's application was denied initially and upon reconsideration, and she requested a hearing before an administrative law judge ("ALJ"). A hearing was held on March 7, 2012, at which Barfield-Scott, who was represented by Beatrice Whitten, Esquire, appeared and testified. After hearing testimony from a vocational expert, the ALJ issued a decision on March 22, 2012 finding that Barfield-Scott was not disabled prior to March 1, 2011, but became disabled on that date and has continued to be disabled through the date of the ALJ's decision. (Tr. 11-24.)

Barfield-Scott was thirty-nine years old on her alleged disability onset date. (Tr. 121.) She has a high school education and past relevant work experience as a branch and service manager at an industrial forklift dealership. (Tr. 204-05.) Scott alleged disability since February 1, 2009 due to idiopathic colonic inertia, gastroparesis, fibromyalgia, caudal spondylosis, major depressive disorder, panic disorder, status-post gastric pacer, status-post gastric bypass, and obesity. (Tr. 289.)

In applying the five-step sequential process, the ALJ found that Barfield-Scott had not engaged in substantial gainful activity since her alleged onset date. The ALJ also determined that, since the alleged onset date of disability—February 1, 2009—Barfield-Scott's obesity and gastroparesis were severe impairments. The ALJ further found that, beginning on March 1, 2011, Barfield-Scott's obesity, gastroparesis, and spondylosis were severe impairments. However, the ALJ found that since the alleged onset date of disability, Barfield-Scott did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). The ALJ further found that, prior to March 1, 2011, Barfield-Scott retained the residual functional capacity to



> perform less than the full range of light work as defined in 20 CFR 404.1567(b). Specifically, the claimant could lift, carry, push, and pull up to 10 pounds frequently and up to 20 pounds occasionally; could sit for up to six hours in an eight-hour workday with normal breaks; could stand and walk for up to four hours in an eight-hour workday with normal breaks; could occasionally push, pull and operate pedals with the lower extremities; could occasionally climb ramps, stairs, ropes, ladders, and scaffolds; could frequently balance; could occasionally stoop, kneel, crouch, and crawl; would have need to avoid hazards such as unprotected heights; could follow three-step commands; has fair to good insight and judgment; has average intellect; is logical and coherent; has fair to good attention and concentration; could follow written and spoken instructions; has the ability to get along with coworkers; and would have need to easy access to bathroom facilities[.]

(Tr. 16-17.) The ALJ found that, beginning March 1, 2011, Barfield-Scott had the residual functional capacity to

> perform less than the full range of sedentary work as defined in 20 CFR 404.1567(a). Specifically, the claimant can lift, carry, push, and pull up to ten pounds occasionally and less than ten pounds frequently; can sit for up to six hours in an eight-hour workday with normal breaks; can stand and walk for up to two hours in an eight-hour workday with normal breaks; can occasionally push, pull and operate pedals with the lower extremities; can occasionally climb ramps, stairs, ropes, ladders, and scaffolds; can frequently balance; can occasionally stoop, kneel, crouch, and crawl; would need to avoid hazard[s] such as unprotected heights; can follow three-step commands; has fair to good insight and judgment; has average intellect; is logical and coherent; has fair to good attention and concentration; can follow written and spoken instructions; has the ability to get along with coworkers; and would need easy access to bathroom facilities[.[2]]

(Tr. 21.) The ALJ found that, since February 1, 2009, Barfield-Scott was unable to perform any past relevant work. Further, the ALJ found that prior to March 1, 2011, there were jobs that existed in significant numbers in the national economy that Barfield-Scott could have performed, but that beginning March 1, 2011, there were no jobs that Barfield-Scott could perform. Therefore, the ALJ

---

[2] The parties appear to agree that possibly due to a scrivener's error, the ALJ omitted additional limitations from the second residual functional capacity, including that Barfield-Scott would be off-task up to one third of the time due to side effects from medication, pain, and excessive use of the bathroom. However, the parties further agree that remand is not warranted based on this error.



found that, prior to March 1, 2011, Barfield-Scott was not disabled, but that she became disabled on that date and has continued to be disabled through the date of the ALJ's decision.

Barfield-Scott submitted additional evidence to the Appeals Council, which denied her request for review on April 24, 2013 making the decision of the ALJ the final action of the Commissioner. (Tr. 1-6.)  This action followed.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).  Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980).  "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589.  In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

PJG

**ISSUES**

Barfield-Scott raises the following issues for this judicial review:

I. The ALJ's Step Two findings are not supported by substantial evidence; and

II. The ALJ failed to consider the combined effect of Ms. Barfield-Scott's multiple impairments; and

III. The ALJ's artificially bifurcated RCF findings are not supported by substantial evidence.

(Pl.'s Br., ECF No. 16 at 1.)

**DISCUSSION**

Upon review of the parties' briefs, the ALJ's decision, and the record in this matter, the court finds that this matter should be remanded for further consideration of evidence relating to Barfield-Scott's back impairment. With regard to her back impairment, the ALJ observed that "[a]n October 2009 lumbar x-ray showed spondylosis with facet hypertrophy more prominent caudally as well as mild sacroiliac sclerosis and no acute osseous process or pars defect" and that "[a] February 2010 lumbar MRI showed only mild caudal spondylosis and no severe stenosis." (Tr. 14.) However, prior to March 1, 2011, the ALJ found that Barfield-Scott's spondylosis was a non-severe impairment as it was "only a slight abnormality and has no more than a minimal effect on the claimant's ability to perform work-related activity." (Id.) Further, in evaluating Barfield-Scott's credibility and the opinion evidence, the ALJ found that Barfield-Scott's "obesity and musculoskeletal conditions could cause limitations in movement." (Tr. 19.) However, the ALJ also found that there was "no evidence of lower extremity weakness, abnormal gait, or an assistive device." (Tr. 20.) In evaluating an opinion from Dr. John Sanders, Barfield-Scott's treating physician, indicating that Barfield-Scott's spondylosis causes leg pain and weakness, the ALJ found that "[p]rior to the established onset date,



her spondylosis was mild and untreated. However, there is evidence of worsening after March 1, 2011. Therefore, this portion of his opinion has been accepted as it relates to the period after the established onset date." (Tr. 20.)

As pointed out by Barfield-Scott, the ALJ's decision does not reflect that the ALJ considered pertinent medical records regarding her back impairment dating between Barfield-Scott's alleged onset date of disability (February 1, 2009) and the date the ALJ found Barfield-Scott became disabled (March 1, 2011). Specifically, in addition to the records discussed by the ALJ, Barfield-Scott points to records that reveal reports of lower back pain in June 2007. (Tr. 394.) Treatment records from the Pain Specialists of Charleston, P.A., indicate that in February 2010, Barfield-Scott was seen for low back pain, and was prescribed Tramadol and a lumbar medial nerve block for lower back pain. These records also indicate that TENS unit instructions were given to relieve "daily chronic lumbar pain." (Tr. 401.) The Commissioner concedes that it is not clear from the ALJ's decision that she considered these records. However, the Commissioner argues that Barfield-Scott cannot demonstrate that any such error affected the outcome. The court cannot agree.

As stated above, the ALJ found Barfield-Scott did not have any severe back impairments prior to March 1, 2011. Further, the ALJ specifically discounted Dr. Sanders's opinion that Barfield-Scott's spondylosis caused leg pain and weakness based on the ALJ's finding that prior to March 1, 2011, Barfield-Scott's spondylosis was mild and untreated. The ALJ also appears to have similarly discounted Barfield-Scott's credibility on this basis. Beginning March 1, 2011, the ALJ found that the reduction in Barfield-Scott's residual functional capacity resulted in a finding of disability. As part of the residual functional capacity assessment beginning March 1, 2011, the ALJ specifically stated that it was "similar to the prior one in many respects. Those limitations that have not been



changed are still in place for the same reasons discussed above.  However, the claimant has been reduced to sedentary work because of the worsening of her back impairment."  (Tr. 22.)

Based on the foregoing and contrary to the Commissioner's position, further consideration of these records may change the outcome of Barfield-Scott's disability application.[3]  In fact, the evidence discussed above that the Commissioner appears to concede the ALJ may not have considered belies some of the ALJ's critical findings regarding the severity of Barfield-Scott's back impairment prior to March 1, 2011.  Therefore, the court cannot say based on the record before it, which includes a second opinion from Dr. Sanders that was submitted for the first time to the Appeals Council, that the ALJ's decision is supported by substantial evidence.  Accordingly, the court is constrained to recommend remanding this matter for further consideration of Barfield-Scott's back impairment from February 1, 2009 until March 1, 2011 beginning at Step Two and continuing through the sequential process, including the ALJ's evaluation of Dr. Sander's opinion and Barfield-Scott's credibility.  In light of this court's recommendation, the court need not address Barfield-Scott's remaining issues, as they may be rendered moot on remand.  See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments).  Moreover, if necessary, Barfield-Scott may present her remaining arguments on remand.

---

[3]  The court expresses no opinion as to whether further consideration of the evidence by the ALJ should lead to a finding of disability during the time period at issue.  Further analysis and discussion may well not affect the ALJ's conclusions in this case.



**RECOMMENDATION**

Based on the foregoing, the court recommends that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner for further consideration as discussed above.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 22, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).