IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Cynthia Barfield Scott, | ) | C/A No.: 0:13-cv-01788-TLW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Carolyn W. Colvin, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On February 27, 2015, Plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, on the basis that the position taken by the Defendant in this action was not substantially justified. (ECF No. 29). The motion seeks reimbursement for counsel's representation in the captioned matter in the amount of $2,753.37 for fees (representing 1.20 hours of attorney's time in 2013 and 13.50 hours of attorney's time in 2014). Defendant filed a response on March 16, 2015, consenting to the award of fees sought in Plaintiff's motion. (ECF No. 30).

Under the EAJA, a court shall award attorney's fees to a prevailing party in certain civil actions against the United States unless it finds that the Government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The standard to be applied in determining whether the Commissioner was "substantially justified" in terminating social security benefits, for purposes of determining whether award of attorney's fees under the EAJA is warranted, is whether there was arguably substantial evidence to support

1

the Commissioner's position, not whether there was some evidence to support the position. Anderson v. Heckler, 756 F.2d 1011 (4th Cir. 1984).

The Court has carefully reviewed the filings by the parties and the record in this case and finds that it is proper to award fees pursuant to the EAJA. In particular, the Commissioner's decision was remanded to the ALJ pursuant to the Magistrate Judge's Report and Recommendation ("the Report") and this Court's order accepting the Report. (ECF Nos. 23, 27). The Commissioner filed did not object to the Report's recommendation of remand. (See ECF No. 24). The review on remand could possibly result in a reversal of the denial of benefits. Furthermore, the Commissioner consents to the award of fees in this case. (ECF No. 30). As a result, taken as a whole, it is not reasonable to conclude that the Government's position was substantially justified.

Based on the foregoing and after considering the briefs and materials submitted by the parties, **IT IS ORDERED** that Plaintiff's motion for attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, be granted in the amount of $2,753.37 for fees.

                                              s/Terry L. Wooten
                                              Chief United States District Judge

June 12, 2015
Columbia, South Carolina